## PYETT v. HATFIEFD.

CHANCERY PLEADINGS AND PRACTICE. *Judgment obtained by fraud.* Where appellant failed to prosecute his appeal by having record filed, and the appellee files record and has an affirmance of judgment without notice to appellant or his attorney, the appellant may, by bill, attack the judgment for fraud upon the allegation that appellee, "by his fraud, prevented the proper officer from sending the record to the Supreme Court in due and proper time; that he, though taking advantage of his own wrong and fraud, and falsely representing to the Supreme Court, when complainant's attorney was not present, and without notice, that complainant had failed and refused to bring up the record, and had abandoned his appeal, had procured fraudulently the judgment to be affirmed."

### FROM SCOTT.

Appeal from the Chancery Court at Huntsville. D. K. YOUNG, J.

L. A. GRATZ for complainant.

HENDERSON & JOUROLMON for defendant.

FREEMAN, J., delivered the opinion of the court.

This bill charges that in 1880, a judgment was rendered by the circuit court of Scott county, against Pyett, for $31.20; that an appeal was prayed and granted to the Supreme Court, which was perfected by proper appeal bond.

It is then shown in detail, that the clerk of the circuit court failed for several terms to send a transcript of the record to the clerk of the Supreme Court, giving the excuses for such failure. It is charged ex-

plicitly, however, that the clerk at all times promised to send the transcript, and had, for a reason given, employed one Parker to make it out.

It is then charged, "that after thus being delayed by the neglect of duty by the clerk, and after the above promise, that he learned in November, 1882, to his surprise, that Hatfield had a transcript of said record from the newly elected clerk of Scott county, and had by his attorney, presented the same to the Supreme Court, at a time when, under the rules and practice of said court, no motions were in order, and by falsely and fraudulently representing to said court that complainant had abandoned his appeal, and that he had refused and failed to bring up the record, moved the court, under the statute, to affirm said judgment, and the court, giving faith and credit to these false and fraudulent representations, on — day of —, 1882, accordingly affirmed said judgment."

It is then charged, "that Hatfield, by his fraud, prevented the proper officer from sending the record to the Supreme Court, in due and proper time; that he, through taking advantage of his wrong and fraud, and falsely representing to the Supreme Court when complainant's attorney was not present, and without notice, that complainant had failed and refused to bring up the record and had abandoned his appeal, had procured fraudulently the judgment to be affirmed."

Do these facts, as charged, make out a case of obtention of a judgment by acts of fraud, authorizing the same to be enjoined?

The procurement of the record from the clerk is

certainly no wrong, as Hatfield had the right to do so, on payment of cost to the clerk, nor is it shown it was the copy prepared to be sent up in pursuance of the appeal by the former clerk. The inference is, it was not the promised transcript, but one made out for Hatfield by the newly elected clerk.

It is not charged that Hatfield knew any thing of the causes of failure by the clerk to forward the record, or of his promise to do so.

On the statement of the bill, the sole fraud, that is, giving facts on which to base it, is that when Hatfield presented this record to the Supreme Court, and asked an affirmance, he represented "that the complainant had failed and refused to bring up the record, and had abandoned his appeal."

It has been settled, since 1854, when the case of *Furber* v. *Carter & Yergin*, 2 Sneed, 304, that if the appellant fails to prosecute his appeal, by filing the record in this court at the term to which the appeal is prayed, his opponent may take steps to remove the suspension of his judgment, produced by the appeal in error, by himself filing a transcript of the record, and moving for an affirmance of the judgment on said record so filed. But it was definitely ruled in that case, "that if the record was brought up by the appellee, and an affirmance moved for at any time after the term of the Supreme Court to which the record ought to have been certified, notice of his intention to do so ought to be given to the appellant or his attorney." This being so, it follows that the charge that the party falsely and fraudulently represented to

the Supreme Court that the other had failed and re-
fused to bring up the record, and had abandoned his
appeal, and thereupon took judgment of affirmance
without any notice, is a charge of a material fact
vitally affecting the right of complainant, on proof of
which he would be entitled to be relieved of the judg-
ment so obtained. If he had been notified, he might
have shown that the delay was the wrong of the clerk
and not his, and thus met the suggestion of aban-
donment of his appeal.

The report is disapproved, and the chancellor's de-
cree reversed, and case remanded.